UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMAR CHATTERJEE,<br><br>       *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA et al.,<br><br>       *Defendants*. | Civil Action No. 23-3548 (TJK) |

**MEMORANDUM**

A few years ago, the U.S. Treasury Department applied over $10,000 of Samar Chatterjee's federal tax return to a debt he supposedly owed to a District of Columbia agency. Chatterjee, who claimed the debt was not his, sued the District of Columbia and the Treasury Department to recoup his funds. After the funds were returned to him, he amended his complaint to request interest, and the Court allowed him to amend it a second time to clarify the factual and legal grounds for his claims. Defendants now move to dismiss for lack of jurisdiction and failure to state a claim. The Court agrees that Chatterjee has failed to show that the Court has subject-matter jurisdiction over his claims against the Treasury Department and that he has failed to state a claim against the District of Columbia. Thus, it will grant Defendants' motions and dismiss the case.

**I.     Background**

Chatterjee alleges that in January 2023 he received a notice of collection for over $34,000 he supposedly owed to the D.C. Department of Employment Services ("DOES"), funds it sought to claw back because Chatterjee had purportedly made a fraudulent claim under the D.C. Pandemic

Unemployment Assistance ("PUA") program. ECF No. 3-1 at 4–5.[1] Chatterjee, though, had not applied for or received PUA funds. *See id.* at 5. So he appealed the notice to the D.C. Office of Administrative Hearings. *Id.* An Administrative Law Judge noted that Chatterjee—an elderly and medically frail Bengali speaker with "little command of English"—possessed "multiple conditions that make him vulnerable to fraud." *Id.* at 4. So in May 2023, the Judge remanded Chatterjee's case to DOES to investigate "compelling" suggestions of fraud, including the fact that the email address used to make a PUA claim in Chatterjee's name did not appear to belong to him. *See id.* at 8. He also ordered DOES to suspend collection of Chatterjee's debt pending an investigation into the circumstances surrounding the PUA claim. *Id.* Still, in November 2023 the Treasury Department notified Chatterjee that the Treasury Offset Program ("TOP") had applied a payment of $10,704 from his federal tax refund to his debt to DOES. *Id.* at 1.

In November 2023, Chatterjee sued for repayment of the withheld $10,704, originally naming DOES and the Treasury Department as defendants. ECF No. 1. DOES moved to dismiss, citing its status as a *non sui juris* agency, ECF No. 10, and the Court granted Chatterjee leave to amend to substitute the District of Columbia as a defendant, Minute Order of July 23, 2024. In his First Amended Complaint, Chatterjee also alleged that the Treasury Department had "paid back the seized funds" as of May 2024. ECF No. 17 at 4. So he also amended his prayer for relief to request "interest (8% per annum) on the funds illegally seized and withheld." *Id.*

Defendants separately moved to dismiss for failure to state a claim under Rule 12(b)(6) or

---

[1] Chatterjee styled this document, ECF No. 3, as an "Urgent" "Motion to Suspend TOP," which the Court construed as a Motion for a Preliminary Injunction or a Temporary Restraining Order and denied without prejudice in January 2024. Minute Order of Jan. 17, 2024. Because the Court must "consider a pro se litigant's complaint in light of all filings," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (cleaned up), it considers the documents appended to Chatterjee's Urgent Motion along with his allegations in the operative complaint.

for summary judgment.  ECF Nos. 18, 24.  In response, Court sua sponte ordered Chatterjee to show cause as to why his complaint should not be dismissed for lack of subject-matter jurisdiction.  ECF No. 27.  Chatterjee responded, ECF No. 28, and the Court granted Chatterjee leave to amend his complaint again to clarify the factual and legal grounds for his claims.  Minute Order of Feb. 12, 2025.  His Second Amended Complaint asserts claims against both Defendants under the False Claims Act, 31 U.S.C. §§ 3729–3733; several criminal statutes, 18 U.S.C. §§ 1001–1028; and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  ECF No. 29 at 1–2.  He requests that the Court "order the payment of interest and penalty by the Defendants; and suspension of the TOP."  *Id.* at 3.  Defendants again separately move to dismiss, this time for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  ECF Nos. 31, 34.

## II.  Legal Standards

"Federal district courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Under Rule 12(b)(1), the plaintiff has the burden to establish the Court's subject-matter jurisdiction.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).  In evaluating a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and . . . grant[ the] plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up).

One limit on a court's subject-matter jurisdiction is the doctrine of sovereign immunity, which "bars lawsuits against the United States, its agencies[,] and its employees sued in their official capacities, absent an unambiguous waiver by the federal government."  *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir.

Dec. 19, 2018). In such suits, the plaintiff bears the burden to prove that the United States has waived its sovereign immunity. *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 123 (D.D.C. 2016). Such a waiver "must be unequivocally expressed in statutory text, . . . will not be implied, . . . [and] will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

A second limit on a court's subject-matter jurisdiction is Article III standing, which the plaintiff also has the burden to establish. *Little v. Fenty*, 689 F. Supp. 2d 163, 166–68 (D.D.C. 2010). That burden "grows heavier at each stage of the litigation." *Osborn v. Visa Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). At the motion-to-dismiss stage, to establish Article III standing, a plaintiff must show that he has alleged that he "suffer[ed] an 'injury in fact' that is both 'concrete and particularized' and either 'actual or imminent.'" *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

Finally, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when he pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 555).

Since Chatterjee proceeds pro se, the Court must construe his filings liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (citation omitted). That means, among other things, considering factual allegations from all his filings, not just his complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015). But none of that absolves him of the need to plead facts that plausibly establish subject-matter jurisdiction and a claim for relief. *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

**III.   Analysis**

To begin, Chatterjee has failed to show that this Court has jurisdiction over his claims against the Treasury Department for interest on the $10,704 withheld from him, or any related penalties, because he has not identified an applicable wavier of sovereign immunity.[2] The statutes he cites—the False Claims Act and criminal statutes—do not include such a waiver. *See Galvan v. Fed. Prison Indus., Inc.*, 199 F.3d 461, 467 (D.C. Cir. 1999) (finding no waiver of sovereign immunity in the False Claims Act); *Boling*, 290 F. Supp. 3d at 46–47 (finding no waiver of sovereign immunity in criminal statutes) (collecting cases). Nor does the Fourteenth Amendment. *See Green v. Presidential Bank*, No. 20-cv-183 (CJN), 2020 WL 2800676, at *1 (D.D.C. May 29, 2020) ("[T]he United States's sovereign immunity bars a constitutional tort claim."). Moreover, to the extent that his claim is one for interest, the bar is higher still. "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Libr. of Cong. v. Shaw*, 478 U.S. 310, 314 (1986). So even if Chatterjee had identified an applicable waiver of sovereign immunity, he would

---

[2] Obviously, any claim for the return of Chatterjee's funds is now moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969).

5

also have had to show that the waiver specifically included claims for interest.[3]

In addition, to the extent that Chatterjee's request for "suspension of the TOP," ECF No. 29 at 3, is a request for prospective injunctive relief against the Treasury Department, he has not shown that he has standing to assert it. To support Article III standing for a claim of prospective injunctive relief, a plaintiff must show that a future injury is "imminent." *Lujan*, 504 U.S. at 560. An imminent injury is "certainly impending" or carries "a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up). Chatterjee has provided no reason to suspect that he will be subject to a TOP offset in the future, such that he has standing to bring a claim to enjoin that program. Thus, the Court lacks subject-matter jurisdiction over that claim as well.

Finally, Chatterjee's claims against the District of Columbia fail to state a claim upon which the Court can grant relief. He brings claims, as with the Treasury Department, based on the False Claims Act, several criminal statutes, and the Fourteenth Amendment. But these statutes and the Fourteenth Amendment do not support his claims for interest and penalties.[4] *See* 31 U.S.C. § 3730(h) (allowing an award of interest under the False Claims Act only in relation to backpay awarded to an employee, contractor, or agent subject to retaliatory action based on their suit);

---

[3] Chatterjee all but concedes that sovereign immunity bars his claims for interest and penalties against the Treasury Department. In response, he makes only the conclusory assertion that "[a] claim of immunity by both Defendants is ridiculous since both charge interest and penalty when their claims are unpaid in a timely manner by the citizens and residents of this country." ECF No. 36 at 2. But "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (citation omitted); *see also* U.S. Dist. Ct. D.C. L.Cv.R. 7(b).

[4] Chatterjee's claims also fail to comply with the procedural requirements for qui tam suits under the False Claims Act. *See* 31 U.S.C. § 3730(b)(1)–(2); *Taitz v. Obama*, 707 F. Supp. 2d 1, 4 (D.D.C. 2010) (dismissing qui tam claims not filed in accordance with § 3730(b)(2)).

*Galvan*, 199 F.3d at 467 (no private right of action in criminal statutes); *Daskalea v. Wash. Humane Soc.*, 275 F.R.D. 346, 352 n.3 (D.D.C. 2011) (Due Process Clause of the Fourteenth Amendment does not apply to the District of Columbia).[5]

## IV.    Conclusion

For all the above reasons, the Court will grant Defendants' motions to dismiss. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 10, 2025

---

[5] In his response to the District of Columbia's motion to dismiss, Chatterjee asserts for the first time violations of the Civil Forfeiture Act, 18 U.S.C. § 981, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. ECF No. 33 at 1. But these claims also fail under those statutes. Chatterjee fails to state a claim under the Civil Forfeiture Act. *See Virtus Pharmaceuticals, LLC v. Bondi*, 22-cv-448 (CKK), 2025 WL 915612, at *9 (D.D.C. Mar. 25, 2025) ("Civil forfeiture actions are *in rem* actions—that is, actions brought against *property*."). Nor does he make any claim of disparate treatment or discrimination based on his race, color, or national origin, as required under Title VI. *See Alexander v. Sandoval*, 532 U.S. 275, 278 (2001).